UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LUCAS C. WYNN,

    Plaintiff,

v.

M. CONNOR, JOAN FABIAN,
WARDEN FERRISE, SGT. CORTEZ,
DAYTON BURKHOLDER, M.D., and
CORRECTIONAL MEDICAL SERVICES,

    Defendants.

Civil No. 05-2212 (PAM/JJG)

**REPORT AND RECOMMENDATION**

---

Plaintiff, a prisoner at the Minnesota Correctional Facility at Oak Park Heights, Minnesota, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.)  He recently filed an amended complaint, (Docket No. 14), which is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons discussed below, the Court finds that Plaintiff's amended complaint fails to state a claim on which relief can be granted as to several of the named Defendants, and the Court will recommend that this action be summarily dismissed as to those Defendants.

**I. BACKGROUND**

Plaintiff alleges that he is a "type 2 diabetic," and he therefore requires insulin and a special diet.  During most of 2005, Plaintiff allegedly was confined at the Minnesota Correctional Facility at Stillwater, Minnesota, ("MCF-STW"), and it appears that all of his current claims arose while he was at that institution.

According to the amended complaint, sometime after Plaintiff arrived at MCF-STW, which was in January 2005, Defendant Dayton Burkholder, M.D., "began making adjustments to decrease the amount of insulin [Plaintiff] was taking," and by May 2005, Plaintiff "had been taken off [his] insulin altogether." (Amended Complaint, § IV - "Statement of Claim," ¶s 5, 6.)

Plaintiff alleges that he was assigned to segregated confinement between May 19, 2005, and October 12, 2005, (id. ¶ 7), and that during that period of time he was "consistently being given foods which, if eaten, would be injurious to [his] health," (id., ¶ 9). He further alleges that he lost 25 to 30 pounds between April and September of 2005, (id., ¶ 10), and he allegedly had low blood sugar levels on several occasions during that time, (id., ¶s 11, 13, 15, 16, 24, 25, and 28). When Plaintiff's blood sugar level becomes too low, he allegedly suffers "confusion, dizziness, shaking, profused [sic] sweating, [and] hunger." (Id., ¶ 29.)

Plaintiff is now attempting to sue six Defendants, identified as M. Connor, Minnesota Commissioner of Corrections Joan Fabian, Warden Ferrise, Sgt. Cortez, Dayton Burkholder, M.D., and Correctional Medical Services. Although the Amended Complaint does not describe any specific legal theory or principle on which Plaintiff's claims against Defendants are based, it is reasonable to assume he is relying on the Eighth Amendment prohibition against "cruel or unusual punishment." See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (prison officials violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs). Plaintiff is asking the Court to "[i]ssue a declaratory judgment and award consequential, general, nominal, punitive, speculative, and treble damages." (Amended Complaint, § V - "Relief.")

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his amended complaint must be screened pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed as to several named Defendants because Plaintiff's amended complaint fails to state any actionable claim against them.

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, a complainant must allege historical facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions") (emphasis added).

Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts,

3

909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of prisoner's civil rights claims against prison officials, because his complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state a § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

Plaintiff's current pleading fails to state any actionable § 1983 claim against Defendants M. Connor, Joan Fabian, Warden Ferrise, and Correctional Medical Services, because it does not contain any factual allegations describing anything that any of those named Defendants purportedly did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights. Indeed, three of the named Defendants – Fabian, Ferrise and Correctional Medical Services – are not even mentioned in the "Statement of Claim" section of Plaintiff's amended complaint. There is nothing to indicate that any of these Defendants is even aware of any of the matters described in the amended complaint.[1]

---

[1] Although Plaintiff's amended complaint does not specifically mention respondeat superior, it appears that he may be seeking relief against some of the named Defendants based on that legal doctrine. In other words, Plaintiff may be claiming that some of the named Defendants should be held vicariously liable for the alleged wrongdoing of their subordinates. Such claims, however, are not legally cognizable, because it is well-settled that respondeat superior is not applicable in § 1983 actions. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

The amended complaint also fails to state any actionable claim against Defendant Connor. According to the amended complaint, Defendant Connor merely received an "offender kite form" which he (or she) apparently passed along to Defendant Dayton Burkholder, M.D. (Amended Complaint, § IV - "Statement of Claim," ¶ 27.) There are no allegations showing that Defendant Connor did anything (or failed to do anything) that could be viewed as a violation of Plaintiff's federal constitutional rights.

## III. CONCLUSION

For the reasons discussed above, it is recommended that this action be summarily dismissed as to Defendants M. Connor, Joan Fabian, Warden Ferrise and Correctional Medical Services, pursuant to 28 U.S.C. § 1915A(b). The Court will defer any ruling on the adequacy of Plaintiff's allegations against the other named Defendants, and Plaintiff will be allowed to pursue his claims against those Defendants at this time.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants M. Connor, Joan Fabian, Warden Ferrise, and Correctional Medical Services, be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against the other Defendants named in his amended complaint be allowed to proceed at this time, without prejudice to any defenses that those Defendants may later seek to raise.

Dated: February 10, 2006                           s/Jeanne J. Graham

                                                   _____
                                                   JEANNE J. GRAHAM
                                                   United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by <u>March 2, 2006</u>. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.