UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lucas C. Wynn,                                                                  Civil File No. 05-2212 (PAM/JJG)
                Plaintiff,

v.                                                                              **MEMORANDUM AND ORDER**

M. Connor, Joan Fabian,
Warden Ferrise, Sgt. Cortez,
Dayton Burkholder, M.D., and
Correctional Medical Services,
                Defendants.

---

This matter is before the Court on Plaintiff's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Jeanne J. Graham, dated February 10, 2006. The R&R recommended dismissal of claims against Defendants M. Connor, Joan Fabian, Warden Ferrise, and Correctional Medical Services pursuant to 28 U.S.C. § 1915A(b).

**BACKGROUND**

Plaintiff is a federal prison inmate who commenced this action against Defendants under 42 U.S.C. § 1983. He alleges in his Amended Complaint that he is has Type II Diabetes and therefore requires insulin and a special diet. Plaintiff claims that Defendants have thwarted his efforts to obtain medical care, and his health has declined as a result.

The Magistrate Judge reviewed the Amended Complaint under the initial screening procedure prescribed by 28 U.S.C. § 1915A, construing the Amended Complaint as bringing an Eighth Amendment claim. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (prison officials violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs). However, the Magistrate Judge found that the Amended Complaint did not contain any

factual allegations describing how Defendants M. Connor, Joan Fabian, Warden Ferrise, and Correctional Medical Services purportedly violated Plaintiff's constitutional rights. The Magistrate Judge also found the allegations against Defendant Connor failed to state a claim upon which relief could be granted. Accordingly, the Magistrate Judge recommended dismissal of those Defendants from this action.

Plaintiff objected to the R&R, and argued that the systemic deficiencies in prison staffing and procedures resulted in prison officials' deliberate indifference to his medical needs.

**DISCUSSION**

The Court has conducted a de novo review of the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on the record and Plaintiff's Objections, the Court concludes that the Magistrate Judge properly analyzed the Amended Complaint. Nevertheless, the Court will treat the Objections as a Motion to file a Second Amended Complaint to add the allegations contained in the Objections. The Motion is granted, and Plaintiff is directed to file a Second Amended Complaint by May 1, 2006.

Plaintiff is advised that the Second Amended Complaint will replace the current Amended Complaint in its entirety. Because the Court must operate from a single document in assessing the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915A(b), the Second Amended Complaint must contain all allegations upon which Plaintiff bases his claims, and explain how each Defendant was personally involved in the alleged violations of his constitutional rights. See Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004) (in a deliberate indifference claim, the prisoner must show (1) he suffered from an objectively serious medical need, and (2) defendants

knew of the need yet deliberately disregarded it);  see also Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004) (to be liable under § 1983, a private corporation must act under the color of state law and implement unconstitutional policies).

Because the Court is treating Plaintiff's Objections as a Motion to Amend, thereby giving Plaintiff an opportunity to file a Second Amended Complaint, the Court does not rule at this time on the R&R.

**CONCLUSION**

The Court has conducted a de novo review of the record and considered Plaintiff's Objections, which the Court has construed as a Motion to File a Second Amended Complaint. Thus, the Court does not substantively address the merits of the Amended Complaint. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff must file a Second Amended Complaint by May 1, 2006, or the Court will overrule his Objections and dismiss Defendants M. Connor, Joan Fabian, Warden Ferrise, and Correctional Medical Services from this action.

Dated: April 13, 2006

              s/ Paul A. Magnuson
              Paul A. Magnuson
              United States District Court Judge