UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Lucas C. Wynn,** | **Civil No. 05-2212 (PAM-JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **M. Connor,** **Joan Fabian,** **D. Ferrise,** **Reinaldo Cortez,** **Dayton Burkholder,** **Correctional Medical Services,** | |
| Defendants. | |

This civil rights matter is brought by plaintiff Lucas C. Wynn, who is proceeding pro se. By a report on February 10, 2006, in accordance with the screening required under the Prison Litigation Reform Act, this Court considered whether Mr. Wynn (Wynn) had stated actionable claims in his complaint. *See* 28 U.S.C. § 1915A. This Court recommended dismissal of defendants M. Connor, Joan Fabian, D. Ferrise, and Correctional Medical Services. By orders on April 13 and May 1, 2006, the district court provided Wynn with an opportunity to cure the defects in his complaint. The matter is now remanded back to this Court for screening of the newly amended complaint (Doc. No. 29).

Wynn, an inmate at the Minnesota state prison in Stillwater, brings action under 42 U.S.C. § 1983. Challenging his conditions of confinement, he contends that certain prison officials violated the Eighth Amendment prohibition against cruel and unusual punishment. He specifically claims that prison officials failed to provide adequate medical care for his diabetes. The relevant facts, as related by Wynn in his most

recent amended complaint, are as follows.

After entering prison in January 2005, a prison physician, defendant Dayton Burkholder, began to decrease the amount of insulin Wynn was receiving. Wynn was taken off insulin altogether by May 2005. That same month, Wynn was moved to the segregation unit. As a result of that move, Wynn alleges that he was unable to control his diet and thus suffered from low levels of blood sugar. Wynn complained to Dr. Burkholder (Burkholder) and other staff at Correctional Medical Services (CMS). To avoid low blood sugar reactions, Wynn requested that he be allowed to keep glucose in his cell. These requests were denied as contrary to prison policy. As a result, when he needed food or glucose, he relied on the guards in the segregation unit. Wynn recounts several incidents where he had symptoms of low blood sugar but was unable to obtain food or glucose from the guards. He adds that food was sometimes promised but, due to inadequate staffing levels, none was delivered.

Wynn focuses on a series of incidents from July 24 through July 26, 2006. He had been placed in an observation cell and began suffering symptoms of low blood sugar. Wynn asked the guards for food, but they refused, based on directions they received from their supervisor, defendant Reinaldo Cortes. Shortly thereafter, Wynn sent a written complaint to defendant M. Connor (Connor), a prison administrator who oversees inmates' medical care. Connor responded that she had consulted with Burkholder and understood that Wynn had no medical problems requiring special attention.

The Prison Litigation Reform Act requires that when a prisoner brings civil action, a court shall screen the complaint and shall dismiss any portion that fails to state a claim. *See* 28 U.S.C. § 1915A. This analysis is the same as for a motion to dismiss for failure to state a claim. The facts in the complaint are taken as true, with all reasonable inferences taken in favor of the plaintiff. *McEachin v. McGuinness*, 357

F.3d 197, 200-01 (2d Cir. 2001). When the plaintiff is proceeding pro se, the complaint is construed liberally. A claim is dismissed only if no relief is available to the plaintiff, under any circumstances, as a matter of law. *Figalora v. Smith*, 238 F.Supp.2d 658, 660 (D.Del. 2002); *Jones v. Russell*, 950 F.Supp. 855, 856 (N.D.Ill. 1996).

For an action under § 1983, where a plaintiff alleges that a prison has violated the Eighth Amendment by failing to provide adequate medical care, the plaintiff must show that the defendants were deliberately indifferent the plaintiff's medical needs. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2001). There must be evidence that a defendant either participated in medical care or that formulated a medical care policy that adversely affected the plaintiff. *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001).

This Court previously concluded that Wynn had stated claims against Cortes and Burkholder. The issue here is whether Wynn has now stated claims against the remaining defendants.

The record shows that both CMS and Connor controlled medical care in the prison. Connor individually, and staff members of CMS, received several complaints from Wynn. The record also shows that Connor implemented the medical care recommended by Burkholder. The prison warden, defendant D. Ferrise (Ferrise), had a similar role. It may be inferred that Ferrise approved medical care policies; set staffing levels for the segregation unit; and set work priorities for guards working in that unit.

These facts support the inference that these defendants either controlled or set directions for Wynn's medical care. They also support the inference that they were deliberately indifferent to the risks posed by Wynn's medical condition. Because Wynn states a claim against these defendants, these claims survive screening under the Prison Litigation Reform Act.

The record does not provide any further information, however, about the role of defendant Joan Fabian. She served as the Commissioner of Corrections at the time of the events alleged here. Wynn does not assert that Ms. Fabian (Fabian) had any substantial role at Stillwater, and there is no indication that she either participated in or formulated policies on medical care. It is appropriate, therefore, that the claim against Fabian be dismissed. *See Beck*, 257 F.3d at 766.

Being advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Wynn's claim against defendant Joan Fabian be dismissed pursuant to 28 U.S.C. § 1915A.

2. Wynn's claims against the remaining defendants be allowed to proceed at this time, without prejudice to any defenses they may subsequently assert.

Dated this 6th day of June, 2006.                    s/Jeanne J. Graham

                                                     JEANNE J. GRAHAM
                                                     United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by June 26, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.